UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **JAVONPE WINBUSH** | **CIVIL ACTION NO. 22-6217** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **D. WASHINGTON, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### REPORT AND RECOMMENDATION

Plaintiff Javonpe Winbush, a prisoner at Caddo Correctional Center proceeding pro se and in forma pauperis, filed this proceeding on approximately December 19, 2022, under 42 U.S.C. § 1983. He names Deputy D. Washington and Deputy L. Hassen as defendants.[1] For reasons below, the Court should dismiss Plaintiff's claims.

### Background

Plaintiff claims that on September 20, 2022, Deputy D. Washington sexually harassed him. [doc. # 5, p. 3]. He alleges that Washington "keyed" his cell door, entered the cell, and stated, "Tell daddy you love him[.]" [doc. #s 5, p. 3; 12, p. 1]. Plaintiff told Washington to leave him alone, but Washington replied, "Come give daddy a hug I'll meet you halfway[.]" *Id.* Plaintiff told Washington again to leave him alone. *Id.* Then, while Plaintiff and his cellmates were in the cell, Washington allegedly entered the cell, grabbed his "private part," and grabbed Plaintiff's head. *Id.*

Plaintiff claims that on September 24, 2022, Deputy L. Hassen sexually harassed him. [doc. # 6, p. 5]. He asked Hassen if he could "hold the tablet to write a kite[,]" to which Hassen

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

allegedly responded, "I got some [sic] you can hold[,]" while "grabbing his private part[.]" *Id.* Plaintiff asked Hassen again if he could "hold the tablet[,]" but Hassen stated, "you want to see my big a** d***[,]" while holding "his private part like he was about to pull it out his pants[.] [sic]." *Id.* Hassen then walked to Plaintiff's cell and made gang signs in Plaintiff's face. *Id.*

Plaintiff asks the Court to "press charges on the defendants[,]" terminate defendants' employment, and dismiss his criminal charges. [doc. #s 12, 13].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Separation of Powers**

As above, Plaintiff seeks criminal charges against defendants.

There is no constitutional right to have a person criminally prosecuted. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990).[3] Investigating and prosecuting possible criminal activities lies in the exclusive jurisdiction of the executive branch of government. In the federal context, for example, prosecuting criminal actions lies in the discretion of the Attorney General of the United States and duly authorized United States Attorneys. In Louisiana, prosecuting criminal actions lies in the discretion of the Louisiana Attorney General and the various District Attorneys. *See* LA. CODE. CRIM. PROC. arts. 61 and 62.

---

[3] *See U.S. v. Batchelder*, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion."); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

Plaintiff should direct his concerns to a local, state, or federal law enforcement agency. He should be aware that if a prosecuting authority investigates and chooses not to file charges, "[t]he decision to file or not file criminal charges . . . will not give rise to section 1983 liability." *Oliver*, 904 F.2d at 281. The courts "allow the government discretion to decide which individuals to prosecute, which offenses to charge, and what measure of punishment to seek." *U.S. v. Lawrence*, 179 F.3d 343, 348 (5th Cir. 1999); *see, e.g., Hymel v. Champagne*, 2007 WL 1030207, *2 (E.D. La. 2007) (denying a plaintiff's request to investigate a correctional center: "this Court has no authority to issue such an order and plaintiff has no constitutional right to such an order. Moreover, to the extent that plaintiff is alleging that a criminal investigation should be instituted, such investigations are solely within the purview of law enforcement authorities.").

The Court should deny Plaintiff's requested relief.

**3. Termination of Employment**

Plaintiff asks the Court to terminate defendants' employment. The Court lacks authority to grant this request.

Federal courts are not prison managers or personnel directors. *See Hurrey v. Unknown TDCJ Corr. Officer A*, 2009 WL 3645638, at *2 (N.D. Tex. Nov. 4, 2009). Courts "will not interfere in the administration of prisons absent an abuse of the wide discretion allowed prison officials in maintaining order and discipline." *Royal v. Clark*, 447 F.2d 501, 501-02 (5th Cir. 1971). The Supreme Court has continuously cautioned federal courts from assuming "a greater role in decisions affecting prison administration." *Shaw v. Murphy*, 532 U.S. 223, 230 (2001); *see Turner v. Safley*, 482 U.S. 78, 84-85 (1987); *Smith v. Sullivan*, 611 F.2d 1039, 1044 (5th Cir. 1980).

Moreover, Plaintiff's request sounds in mandamus as he essentially asks the Court to, by writ, compel the non-federal official (or entity) with the authority to terminate defendants' employment to perform his, her, or its duties. In this respect, the Court lacks jurisdiction.[4] *See Samuels v. Emanuel*, 2014 WL 50851, at *2 (W.D. La. Jan. 7, 2014) (reasoning, where the plaintiff asked "that the defendants be relieved from their duties[,]" that "federal district court lacks jurisdiction to review actions in the nature of mandamus, seeking to compel state officials to perform duties allegedly owed the plaintiff, as for example in this case . . . .").

The Court should deny Plaintiff's requested relief.

### 4. Dismissal of Charges

Plaintiff's only remaining request for relief is for the dismissal of his pending criminal charges (as above, the undersigned recommends denying Plaintiff's other two requests for relief).

First, Plaintiff's request for dismissal of his pending charges is plainly unrelated to his underlying claims that defendants sexually harassed him and threatened him. Plaintiff does not, in other words, join his request to any plausible claim. For this reason, the Court should deny his requested relief.

Moreover, although Plaintiff filed this action under 42 U.S.C. § 1983, his request is an implicit challenge to the very fact and duration of his physical imprisonment.[5] Plaintiff may,

---

[4] "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States* or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added).

[5] *See, e.g., Sellers v. Plattsmier*, 637 F. App'x 111, 112 (5th Cir. 2015) (reasoning that the plaintiff's request to dismiss a bill of information was an implicit request for release); *Florence v. Garcia*, 713 F. App'x 306, 307 (5th Cir. 2018) ("Florence's requests for dismissal of the charges and for immediate release sound in habeas . . . ."); *Durall v. Lafayette Police Dep't*, 2011 WL 6181387, at *1 (W.D. La. Nov. 16, 2011), report and recommendation adopted, 2011 WL 6205542 (W.D. La. Dec. 13, 2011) ("Since dismissal of the charges would result in an immediate

*after he exhausts his state court remedies*, pursue his request for immediate release from custody through a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See Preiser v. Rodriguez*, 411 U.S. 475, 93 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (construing a request for release from pending state criminal proceedings as a habeas petition under Section 2241). Accordingly, the Court should deny Plaintiff's relief as an improper request for habeas corpus.

The undersigned again cautions that Plaintiff must first exhaust his available state court remedies before seeking habeas relief in this Court. *See id.* (observing that if "habeas corpus is the exclusive federal remedy . . . a plaintiff cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate.").[6] Plaintiff is further cautioned that the Court may abstain under *Younger v. Harris*, 401 U.S. 37 (1971), or *Dickerson*, 816 F.2d at 225 (5th Cir. 1987), if Plaintiff asks the Court to interfere with his ongoing criminal prosecution.[7] *See Gibson v. Orleans Par. Sheriff*, 2014 WL

---

or at least speedier release from custody, plaintiff must seek such relief by way of a petition for writ of habeas corpus . . . .").

[6] *See also Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) ("Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.").

[7] "Under the *Younger* abstention doctrine, federal courts should generally decline to exercise jurisdiction when: (1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (internal quotation marks and

1066987, at *1 (5th Cir. Mar. 20, 2014) (affirming abstention under *Younger v. Harris*, where a petitioner sought habeas corpus relief under 28 U.S.C. § 2241).

At bottom, Plaintiff does not seek any cognizable relief;[8] consequently, the Court should dismiss his claims.

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Javonpe Winbush's claims be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state claims on which relief may be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's request to dismiss his charges be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to pursue habeas corpus relief after he exhausts all available state court remedies.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the**

---

quoted sources omitted). Under *Dickerson*, "federal courts should abstain . . . if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 225.

[8] The undersigned previously instructed Plaintiff to "clarify the relief he seeks; in other words, state exactly what he wants the Court to do for him." [doc. # 11].

**legal conclusions accepted by the District Court, except upon grounds of plain error.** *See*

*Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 3rd day of April, 2023.

_____
Kayla Dye McClusky
United States Magistrate Judge